UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARSHA McCULLEY<br>4155 Beethoven Avenue<br>St Louis, Missouri 63116<br><br>on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LIFECARE MISSOURI, INC.<br>c/o Statutory Agent Charles Scarlett<br>2190 S. Mason Road, Suite 204<br>St Louis, MO 63131<br><br>　　　　Defendant. | CASE NO.<br><br>(JURY TRIAL DEMANDED) |

## **PLAINTIFF'S COMPLAINT**

Now comes Plaintiff Marsha McCulley, and for her Complaint against Lifecare Missouri, Inc. aka BrightStar Care ("Lifecare Missouri, Inc."), states and alleges the following:

## **INTRODUCTION**

1.　　This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Missouri Minimum Wage Laws, R.S.Mo §§ 290.500, et seq.

2. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule[1] ("Final Rule") to extend minimum wage and overtime protections to almost 2 million home care workers. The Final Rule was challenged in federal court, but on August 21, 2015, the District of Columbia Circuit Court of Appeals in *Home Care Association of America v. Weil*, 78 F.Supp. 3d 123 (D.C.Cir. 2015), issued a unanimous opinion affirming the validity of the Final Rule. This opinion upholding the Home Care Final Rule became effective on October 13, 2015, when the Court of Appeals issued its mandate. The Home Care Final Rule had an effective date of January 1, 2015.[2]

3. Under the Final Rule, companies that provide home health care services to customers are required to pay employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek. Despite these requirements, Defendant has failed to pay its home health aides overtime compensation since January 1, 2015.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

5. The Court has supplemental jurisdiction over Plaintiff's Missouri claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

---

[1] Application of the Fair Labor Standards Act to Domestic Service, Fed. Reg. 60453, 60557 (Oct. 1, 2013) (amending 29 C.F.R. Part 552).
[2] http://www.dol.gov/whd/homecare/litigation.htm

6. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

7. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of St. Louis City, Missouri.

8. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and R.S.Mo. 290.500.

9. At all times relevant herein, Defendant was company organized and existing under the laws of the State of Missouri.

10. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. 203(d) and R.S.Mo. 290.500.

11. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. 203(r).

12. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

13. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

14. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

15. Defendant is a home health care business.

16. Plaintiff Marsha McCulley was employed by Defendant between November 2016 and April 2018.

17. At all times relevant herein, Plaintiff was employed by Defendant as a home health aide.

18. Other similarly-situated employees were employed by Defendant as home health aides.

19. Plaintiff and other similarly-situated home health aides were employed by Defendant as non-exempt employees under the FLSA.

20. Plaintiff and other similarly-situated home health aides were paid an hourly wage.

### (Failure to Pay Overtime Compensation)

21. Plaintiff and other similarly-situated home health aides worked more than 40 hours per week, but Defendant failed to pay them overtime compensation for the hours they worked over 40 each workweek.

22. Rather than paying overtime compensation, Plaintiff and other similarly-situated home health aides were only paid straight time for the hours they worked over 40 each workweek.

### (Failure to Keep Accurate Records)

23. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly-situated home health aides.

### (Defendant Willfully Violated the FLSA)

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former home health aides employed by Lifecare Missouri Inc. at any time between August 21, 2015 and the present.

27. The amount of overtime hours Plaintiff and other similarly situated home health aides worked are reflected on their time sheets and pay stubs.

28. Plaintiff estimates, that on average she worked between 20 and 30 overtime hours per week.

29. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 100 persons.

30. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

31. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Missouri Class") defined as:

> All current and former home health aides employed by Lifecare Missouri Inc. at any time between August 21, 2016 and the present.

33. The Missouri Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Missouri, but upon information and belief, avers that it consists of at least 100 persons.

34. There are questions of law or fact common to the Missouri, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its home health aides for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff Marsha McCulley and other members of the class for Defendant's violation of R.S.Mo. 290.500 et seq.

35. The claims of the named Plaintiff Marsha McCulley are typical of the claims of other members of the Missouri. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Missouri members.

36. Named Plaintiff Marsha McCulley will fairly and adequately protect the interests of the Missouri. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Missouri members. The named Plaintiff's counsel has broad experience in handling

class action wage-and-hour litigation, and is fully qualified to prosecute the claims in this case.

37. The questions of law or fact that are common to the Missouri predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Missouri, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Missouri members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Missouri members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Fair Labor Standards Act Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

41. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42. As a result of Defendant's practices and policies, Plaintiff and other similarly-

situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

**(Violations of the Missouri Minimum Wage Law)**

43. Plaintiff in corporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the Missouri Minimum Wage Law, R.S.Mo. §290.505.1.

45. By failing to pay Plaintiff and other similarly-situated employees overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the Missouri Minimum Wage Law, R.S.Mo. §290.505.1.

46. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the Missouri Minimum Wage Law, R.S.Mo. §290.505.1.

47. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due within (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional amount as liquidated damages. R.S.Mo. § 290.527.

48. Defendant is liable pursuant to R.S.Mo. § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.     Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the class he represents actual damages for unpaid wages;

D.     Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class pursuant to 29 U.SC. 201-219;

E.     Award Plaintiff and the class she represents liquidated damages equal to the full amount of the wage rate less any amount actually paid to the employee by the employer pursuant to RSMo. 290.527.

F.     Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

G.     Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

H.     Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/ Ryan M. Furniss
Ryan M. Furniss (MO# 53787)
222 S. Central Avenue, Suite 1004
Saint Louis, MO 63105
T: (314) 899-9101
F: (314) 627-5891
rfurniss@furnisslaw.com

and

THE LAZZARO LAW FIRM, LLC


 /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (pro hac vice forthcoming)
Chastity L. Christy (pro hac vice forthcoming)
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff

10