IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARSHA McCULLEY, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:18-cv-01387-HEA |
| LIFECARE MISSOURI, INC., | ) ) ) |
| Defendant. | ) |

## **PROPOSED ORDER**

On August 28, 2019, the Court took up Plaintiffs, Marsha McCulley and June Pierson, and Defendant, Lifecare Missouri, Inc.'s Joint Motion for Final Settlement Approval and Plaintiff's Unopposed Motion for Attorney Fees. The parties, by their respective counsel, provided the Court with facts surrounding the entry of this Settlement. Upon being fully advised of the premises therein, the Court hereby finds as follows:

1) Plaintiff Marsha McCulley filed this lawsuit against Defendant Lifecare Missouri, Inc. ("LMI") alleging that she and others similarly situated were employed by LMI as home health care aides and that they performed overtime work without receiving proper overtime pay pursuant to the Fair Labor Standards Act and the Missouri Minimum Wage Law.

2) Pursuant to 29 U.S.C.§ 216(b), June Pierson submitted a Consent Form to become a Party Plaintiff in this lawsuit.

3) By agreement of the parties, LMI did not answer or otherwise respond to the putative class action claims.

4) After engaging in discovery related to class certification, including disclosure of confidential, proprietary financial information on behalf of LMI, Plaintiffs learned LMI was subject to a settlement agreement with the Department of Labor as to home health care aides, some of whom are encompassed within Plaintiff's proposed class.

5) Pursuant to Federal Rule of Civil Procedure 23(c), no putative class was certified.

6) Plaintiffs Marsha McCulley and June Pierson subsequently entered into a settlement agreement with LMI for lost wages and liquidated damages. Plaintiffs represented that the settlement amount embodies a reasonable compromise which is fair to Plaintiffs McCulley and Pierson.

7) Similarly, the settlement accounts for attorney fees to be paid to Plaintiffs' counsel which this Court and counsel agreed to be reasonable. LMI did not object to the entry of these attorney fees.

In consideration of these facts and counsels' presentation of evidence, this Court hereby adjudges and decrees as follows: the settlement agreement between LMI and Plaintiff Marsha McCulley is hereby approved. Ms. McCulley's individual claims against LMI are hereby **dismissed with prejudice**. The settlement agreement between LMI and Plaintiff June Pierson is hereby approved. Ms. Pierson's individual claims against LMI are similarly **dismissed with prejudice**. The claims of all other putative class members are hereby **dismissed without prejudice** and subject to re-filing in accordance with the law.

**SO ORDERED:**

_____
Honorable Henry E. Autrey

DATE: September 10, 2019